Datatreasury Corporation v. Citizens Bank of Rhode Island et al                                                    Doc. 1

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
08 MAY -2 AM 11: 14
TEXAS-EASTERN
BY_____

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| *PLAINTIFF* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO.: 2:08cv187 |
| CITIZENS BANK OF RHODE ISLAND; | § | |
| RBS CITIZENS, NATIONAL | § | |
| ASSOCIATION; UBS AG; COMERICA | § | |
| BANK | § | JURY TRIAL DEMANDED |
| *DEFENDANTS* | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

### I. THE PARTIES

1.  Plaintiff **DataTreasury Corporation** ("DataTreasury") is a Delaware corporation that maintains its principal place of business at 101 East Park Blvd., # 600, Plano, Texas, 75074.

2.  Defendant **Citizens Bank of Rhode Island** is a Rhode Island banking organization that maintains its principal place of business at One Citizens Plaza, Providence, Rhode Island 02903. This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Corporation Service Company, 50 Weston Street, Hartford Connecticut 06120. This Defendant has recently merged its operations into Defendant RBS Citizens, National Association.

3.  Defendant **RBS Citizens, National Association** is a Rhode Island banking organization that maintains its principal place of business at One Citizens Plaza, Providence,

Dockets.Justia.com

Rhode Island 02903. This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Corporation Service Company, 50 Weston Street, Hartford Connecticut 06120.

4. Defendant **Comerica Bank** is a Texas banking organization that maintains its principal place of business at 1717 Main Street, Dallas, Texas 75201. This Defendant does business in Texas and can be served with process through its Registered Agent for Service, C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

5. Defendant **UBS AG** is a multinational banking organization headquartered and maintaining its principal place of business at Aeschenvorstadt 1, CH-4002, Basel/Banhofstrasse 45, Ch-8021, Zurich, SZ. This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## II. JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. §271 et seq. and 28 U.S.C. §1338.

7. Personal jurisdiction exists generally over Defendants pursuant to 28 U.S.C. §1391 because they have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within this district. Personal jurisdiction also exists specifically over Defendants because of Defendants' conduct in making, using, selling, offering to sell, and/or importing, directly, contributorily, and/or by inducement, infringing products and services within the State of Texas and within this district. In particular,

Defendants have provided services and sold products in this District separately and with or for other infringing companies which are or were Defendants in related pending litigation in the United States District Court for the Eastern District of Texas.

8. Venue is proper in this Court under 28 U.S.C. §§1391(b), (c), and (d), as well as 28 U.S.C., §1400(b) for the reasons set forth above and below. Furthermore, venue is proper because each of the Defendants is currently engaging in infringing activities in this District with another Defendant in related and pending litigation filed by DataTreasury Corporation in the Eastern District of Texas, Marshall Division.

9. The Defendants, Citizens Bank of Rhode Island; RBS Citizens, National Association; Comerica Bank; and UBS AG, are owners or current users of Small Value Payments Company, LLC and/or The Clearing House Payments Company, LLC.

10. The Defendants are subject to personal jurisdiction, in addition to the reasons set forth above and below, because of each Defendant's infringing activities with relation to the products and services of Small Value Payments Co., LLC and/or The Clearing House Payments Company, LLC. These Defendants operate a nationwide check image archive and exchange service that operates in or through this District. This Court has already determined in a previous Order that Small Value Payments Company, LLC is subject to the jurisdiction of this Court because of, *inter alia*, its performance of activities in this District related to its nationwide exchange and archive service. Each of the Defendants have authorized, participated in, or facilitated transactions occurring in whole or in part within this District that, in whole or in part, infringe the patents asserted against them herein.

11. All of the Defendants have known of the existence of and their infringement of DataTreasury's patents for several years. Each of the Defendants is a corporate affiliate of

entities already in litigation with DataTreasury. Specifically, corporate affiliates of each of these Defendants are currently defendants in 2:06-cv-072, pending in this Division and District ("Pending DTC Case"). However, as described below, some of these Defendants' corporate affiliates have been largely cooperative and responsive in discovery in the Pending DTC Case, while other affiliates have not.

12. The affiliates of Comerica Bank who are in the Pending DTC Case are Comerica Inc. and Comerica Bank & Trust, N.A. Those defendants in the Pending DTC Case have led DTC to believe that Comerica Bank should be the proper defendant in the Pending DTC Case, rather than Comerica Bank & Trust, N.A. Despite that fact, the Comerica defendants in the Pending DTC Case have participated in discovery and provided substantive document productions, and DTC anticipates working together with the Comerica defendants to substitute in Comerica Bank as the proper party in the Pending DTC Case.

13. The affiliate of Citizens Bank of Rhode Island and RBS Citizens, National Association that is currently in the Pending DTC Case is Citizens Financial Group, Inc. This corporate affiliate of the Citizens' Defendants has not provided any substantive document productions in the Pending DTC Case and has sought to avoid participating in discovery in the Pending DTC Case by objecting to discovery requests that deal with any Citizens entity other than Citizens Financial Group, Inc.

14. The affiliate of UBS AG that is in the Pending DTC Case is UBS Americas, Inc. This corporate affiliate of UBS AG has not provided any substantive document productions in the Pending DTC Case and has sought to avoid participating in discovery in the Pending DTC Case by objecting to discovery requests that deal with any UBS entity other than UBS Americas, Inc.

## III. PATENT INFRINGMENT

15. DataTreasury is the owner as assignee of all rights, title and interest in and under United States Patent No. 5,910,988 ("the '988 patent"), which duly and legally issued on June 8, 1999, with Claudio Ballard as the named inventor, for an invention in remote image capture with centralized processing and storage. This patent went through re-exam with the USPTO and was duly and legally reissued under United States Patent No. 5,910,988 C1 ("the '988 patent") on October 23, 2007. DataTreasury is the owner as assignee of all rights, title and interest in and under United States Patent No. 5,910,988 C1.

16. DataTreasury is the owner as assignee of all rights, title, and interest in and under United States Patent No. 6,032,137 ("the '137 patent"), which duly and legally issued on February 29, 2000, with Claudio Ballard as the named inventor, for an invention in a remote image capture with centralized processing and storage. This patent went through re-exam with the USPTO and was duly and legally reissued under United States Patent No. 6,032,137 C1 ("the '137 patent") on December 25, 2007. DataTreasury is the owner as assignee of all rights, title and interest in and under United States Patent No. 6,032,137 C1.

17. DataTreasury has is the owner of all rights, title, and interest in and under United States Patent No. 5,265,007 ("the '007 patent"), which duly and legally issued on November 23, 1993, with John L. Barnhard, Jr., Thomas K. Bowen, Terry L. Geer, and John W. Li.

18. DataTreasury is the owner of all rights, title, and interest in and under United States Patent No. 5,717,868 ("the '868 patent"), which duly and legally issued on February 10, 1998, with David L. James as the named inventor, for an invention with an electronic payment interchange concentrator.

19. This is an exceptional case within the meaning of 35 U.S.C. §285.

## IV. COUNT ONE – THE '988 DEFENDANTS

20. The Defendants have been and are infringing the '988 patent by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '988 patent. Unless the '988 Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

21. The Defendants have been and are actively inducing and/or contributing to the infringement of the '988 patent among themselves and by others, including but not limited to as a product of Defendants' ownership of Small Value Payments Co./The Clearing House Payments Co.'s image exchange and archiving products and services.

22. The Defendants' infringement of the '988 patent has been and is willful.

## V. COUNT TWO – THE '137 DEFENDANTS

23. The Defendants have been and are infringing the '137 patent by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '137 patent. Unless the '137 Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

24. The Defendants have been and are actively inducing and/or contributing to the infringement of the '137 patent among themselves and by others, including but not limited to as a product of Defendants' ownership of Small Value Payments Co./The Clearing House Payments Co.'s image exchange and archiving products and services.

25. The Defendants' infringement of the '137 patent has been and is willful.

## VI.  COUNT THREE – THE '007 DEFENDANTS

26.  The Defendants have been and are infringing the '007 patent by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '007 patent. Unless the '007 Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

27.  The Defendants have been and are actively inducing and/or contributing to the infringement of the '007 patent among themselves and by others, including but not limited to as a product of Defendants' ownership of Small Value Payments Co./The Clearing House Payments Co.'s image exchange and archiving products and services.

28.  The Defendants' infringement of the '007 patent has been and is willful.

## VII.  COUNT FOUR – THE '868 DEFENDANTS

29.  The Defendants have been and are infringing the '868 patent by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '868 patent. Unless the Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

30.  The Defendants have been and are actively inducing and/or contributing to the infringement of the '868 patent among themselves and by others, including but not limited to as a product of Defendants' ownership of Small Value Payments Co./The Clearing House Payments Co.'s image exchange and archiving products and services.

39.  The Defendants' infringement of the '868 patent has been and is willful.

## VIII. VICARIOUS LIABILITY

40. In addition to liability for their own independent conduct, the Defendants are also liable for the conduct of their subsidiaries, affiliates, and related entities under the doctrines of alter ego and single business enterprise, and under applicable state and federal statutes and regulations.

## IX. PRAYER FOR RELIEF

DataTreasury respectfully requests the following relief:

A. That the Court declare that the '988, '137, '007, and '868, patents are valid and enforceable and that they are infringed by Defendants as described herein;

B. That the Court enter a permanent injunction against Defendants' direct infringement of the '988, '137, '007, and '868, patents;

C. That the Court enter a permanent injunction against Defendants' active inducement of infringement and/or contributory infringement of the '988, '137, '007, and '868 patents among themselves and by others;

D. That the Court award damages to DataTreasury to which it is entitled for patent infringement;

E. That the Court award interest on the damages to DataTreasury;

F. That the Court treble all damages and interest for willful infringement;

G. That the Court award to DataTreasury its costs and attorney's fees incurred in this action; and

H. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

---

**NELSON J. ROACH**, Attorney in Charge
STATE BAR NO. 16968300
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389
njroach@nixlawfirm.com


**C. CARY PATTERSON**
STATE BAR NO. 15587000
**BRADY PADDOCK**
STATE BAR NO. 00791394
**ANTHONY BRUSTER**
STATE BAR NO. 24036280
**R. BENJAMIN KING**
STATE BAR NO. 24048592
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
903.223.3999 (telephone)
903.223.8520 (facsimile)
akbruster@nixlawfirm.com
bpaddock@nixlawfirm.com
benking@nixlawfirm.com

**ROD COOPER**
STATE BAR NO. 90001628
**EDWARD CHIN**
STATE BAR NO. 50511688
**NICOLE REED KLIEWER**
STATE BAR NO. 24041759
**DEREK GILLILAND**
STATE BAR NO. 24007239
**NIX PATTERSON & ROACH, L.L.P.**

5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
rodcooper@nixlawfirm.com
edchin@nixlawfirm.com
nicolekliewer@nixlawfirm.com
dgilliland@nixlawfirm.com

JOE KENDALL
STATE BAR NO. 11260700
KARL RUPP
STATE BAR NO. 24035243
PROVOST * UMPHREY, L.L.P.
3232 McKinney Avenue, Ste. 700
Dallas, Texas 75204
214.744.3000 (telephone)
214.744.3015 (facsimile)
jkendall@provostumphrey.com
krupp@provostumphrey.com


ERIC M. ALBRITTON
STATE BAR NO. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com


T. JOHN WARD, JR.
STATE BAR NO. 00794818
LAW OFFICE OF T. JOHN WARD, JR.
P.O. Box 1231
Longview, Texas 75601
903.757.6400 (telephone)
903.757.2323 (facsimile)
jw@jwfirm.com

Elyssa S. Lane
State Bar No. 4388393
**DREIER, LLP**
499 Park Avenue
New York, NY 10022
212.328.6100 (telephone)
212.328.6101 (facsimile)
elane@dreierllp.com

**ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION**

### JURY DEMAND

Plaintiff requests a jury trial of any issues triable of right by a jury.